**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| STEVEN B. KAHLON | : | |
| DEBTOR | : | CASE NO.: 5:25-bk-03605 MJC |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| ANDREW R. VARA<br>UNITED STATES TRUSTEE, | : | |
| Plaintiff | : | ADV. PRO. NO.: 5:26-ap-00049 MJC |
| v. | : | |
| STEVEN B. KAHLON, | : | |
| Defendant | : | |

**STIPULATION BETWEEN PLAINTIFF, ANDREW R. VARA, UNITED STATES TRUSTEE, AND DEFENDANT, STEVEN B. KAHLON, WAIVING DISCHARGE, VACATING FURTHER PROCEEDINGS, AND CLOSING ADVERSARY CASE**

This Stipulation waiving Discharge ("Stipulation") is entered between Plaintiff, Andrew R. Vara, United States Trustee, by and through counsel, and Defendant, Steven B. Kahlon ("Debtor" or "Defendant").

**RECITALS**

A. The Debtor filed a voluntary Chapter 7 petition on December 18, 2025 (the "Bankruptcy Case.")

B. On June 4, 2026, the United States Trustee filed his complaint (the "Complaint") seeking denial of the Debtor's discharge pursuant to 11 U.S.C § 727(a)(2) and (a)(4) initiating this adversary proceeding (the "Adversary Proceeding").

C. On July 21, 2026, the Defendant filed a Motion to Dismiss the United States Trustee's Complaint (the "Defendant's Motion").

D. The United States Trustee filed his Brief in Opposition to Defendant's Motion on August 5, 2026.

E. The United States Trustee offered to resolve his Complaint in exchange for a waiver of discharge pursuant to 11 U.S.C. § 727(a)(10) (the "Discharge Waiver"), and the Defendant accepted the United States Trustee's offer.

F. Upon entry of a Court order approving the Discharge Waiver, the parties agree that the Adversary Proceeding can be closed.

**ACCORDINGLY, IT IS HEREBY STIPULATED THAT:**

1. The above recitals are incorporated herein by this reference.
2. The Defendant has been afforded the opportunity to review the consequences of the voluntary waiver of discharge with counsel.
3. The Defendant voluntarily and knowingly waives his discharge under 11 U.S.C. § 727(a)(10) in lieu of proceeding further with this Adversary Proceeding. The waiver applies to all debts incurred up to and including December 18, 2025, and any and all claims and liabilities against the Defendant up to and including December 18, 2025, including any claims listed on Schedule E/F of the Defendant's bankruptcy petition, and any subsequent amendments.
4. The United States Trustee has prepared and attached a proposed order waiving the discharge under 11 U.S.C. § 727(a)(10).
5. The waiver of discharge shall be binding and effective notwithstanding any dismissal or conversion of the Bankruptcy Case.

6. Any further proceedings in the Adversary Proceeding shall be vacated upon entry of the order approving this Stipulation and the Discharge Waiver, and the Adversary Proceeding shall be closed concurrently with the entry of that Order.

7. The fact of this Stipulation and the Discharge Waiver shall not be an admission of liability by the Defendant in the Adversary Proceeding and shall not constitute evidence of the Defendant's bad faith, if any, in connection with the claims asserted in the Adversary Proceeding.

8. Each party will bear their own fees and costs incurred in the Adversary Proceeding and, in the negotiation, and preparation of this Stipulation.

IT IS SO STIPULATED AND AGREED

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

By: ______________________
Joseph P. Schalk, Esquire
Acting Assistant United States Trustee

Dated: 9/10/26

STEVEN B. KAHLON

By: ______________________
Steven B. Kahlon
Defendant

Dated: 9/10/2026